# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRA YACHT OF NEWPORT, INC., <br><br> Plaintiffs, <br> vs. <br><br> S/V MOUSETRAP, Cayman Islands Official No. 743804, a JFA Chantier Navala Sailing Vessel of Approximately 33.5 Meters in Length, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS, AND APPURTENANCES, *in rem*, <br><br> Defendants. | CASE NO. 17cv551 <br><br> **ORDER AUTHORIZING ARREST OF DEFENDANT VESSEL AND APPOINTING SUBSTITUTE CUSTODIAN** |

Electra Yacht's David Maguire filed an action against the S/V Mousetrap for breach of a maritime contract. Maguire says the Mousetrap's owners owe him about $200,000 for services he's provided since last summer. Maguire filed ex parte motions requesting the Court order (i) a warrant for the arrest of the Mousetrap; and (ii) an order appointing Driscoll Boat Works as custodian.

**I.  Motion for arrest warrant**

The Court must first "review the complaint and any supporting papers" to determine if "the conditions for an in rem action appear to exist." Fed. R. Civ. P. Supp. Admiralty Rule C. "An action in rem may be brought" to "enforce any maritime liens." *Id.*  Specifically,

a "person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" "has a maritime lien on the vessel" and "may bring a civil action in rem to enforce the lien." 46 U.S.C. § 31342. The term *necessaries* includes repairs. *Id.* § 3130. And courts have interpreted the term broadly to include "any item which is reasonably needed for the venture in which the ship is engaged." *Foss Launch & Tug Co. v. Char Ching Shipping U.S.A., Ltd.*, 808 F.2d 697, 699 (9th Cir. 1987). The complaint must also be verified, describe the property with reasonable particularity, and state that the property is within the district. Fed. R. Civ. P. Supp. Admiralty Rule C.

Maguire says that he provided work on the Mousetrap at the request of the Captain and Engineer based on an oral agreement in June 2015. He received payment for about a year, but since last summer, he hasn't been paid for a myriad of repairs. Maguire says all of the unpaid work was inspected and approved by the Captain or Engineer. He's attached the relevant unpaid invoices. Maguire's complaint is verified, describes the ship with particularity, and states that the Mousetrap is docked within the district.

The Court finds an in rem action to enforce a maritime lien appears to exist. Therefore, the Court "must issue an order directing the clerk to issue a warrant for the arrest of the vessel." *Id.* The Court **GRANTS** the motion (Dkt. 2) and issues the following orders:

1. The Court orders the Clerk to prepare a warrant for the arrest of the Defendant vessel S/V Mousetrap and all of her furnishings as described in the caption. The Clerk shall deliver the warrant to the U.S. Marshal for the Southern District for service.
2. Electra Yacht must comply with the notice provisions as outlined in Fed. R. Civ. P. Supp. Admiralty Rule C(4) and Local Civ. R. C.1(b). Any person with an interest in the Mousetrap is entitled to a prompt hearing upon request. At the hearing, Electra Yacht needs to show probable cause for the issuance of the warrant. Fed. R. Civ. P. Supp. Admiralty Rule E.

/ / /

/ / /

/ / /

**II.     Substitution of Custodian**

Electra Yacht also moved for the appointment of a substitute custodian. The Court may "order that custody of the vessel be given to the operator of a marina" if the Court finds they can "safely keep the vessel and has in effect adequate insurance." Local Civ. Rule E.1. The Court finds that Driscoll Boat Works satisfies the local rule and **GRANTS** the motion to appoint Driscoll as substitute custodian authorized to move the vessel (Dkt. 3). The Court issues the following orders:

1. Driscoll Boat Works is appointed as substitute custodian of the S/V Mousetrap. Driscoll's Michael Benedict is authorized to accept custodianship. Driscoll may move the vessel to any suitable and safe location within its boatyard for safekeeping as discussed in § 6.
2. The U.S. Marshal shall surrender the Mousetrap to Driscoll and the Marshal shall be discharged and not liable for any claims arising out of surrendering the vessel to Driscoll.
3. Driscoll shall assume custody of the Mousetrap and arrange to tow it from The Marine Group's boatyard at 997 G Street in Chula Vista to Driscoll Boat Works at 2500 Shelter Island Drive in San Diego, and maintain her there until further order of the Court.
4. Electra Yacht assumes the responsibility for safekeeping of the Mousetrap.
5. Driscoll must not sell the Mousetrap. Driscoll must not release the vessel or allow anyone aboard except in an emergency.
6. Driscoll shall provide the following services for the safekeeping of the Mousetrap at a cost not to exceed the prevailing rates of the port:

   - As soon as possible after assuming custody of the Mousetrap, Driscoll must photograph or video tape her interior and exterior.
   - Provide vessel monitoring services. Periodically inspect mooring lines and fenders to assure safe mooring. Periodically inspect the vessel for watertight integrity, excessive bilge water, and fuel lubricant leaks.

1 • Provide wharfage services and electricity if necessary.

2 7. If Driscoll thinks further action is necessary for safekeeping beyond the instructions in this order, Driscoll shall notify Electra Yacht's attorney so counsel can seek an appropriate order from the Court.

This order must be served with the warrant for arrest. Electra Yacht's attorney must immediately serve the Mousetrap's owners, agents, and any others that may have an interest in the Mousetrap, by mail, and, email if possible.

**IT IS SO ORDERED**.

DATED: March 23, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge